# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER PIERCE,**

        Petitioner,

    v.                                  CASE NO. 19-3077-SAC

**SAM CLINE,**

        Respondent.

## ORDER TO SHOW CAUSE

This matter is before the Court on a petition for habeas corpus filed by a prisoner in state custody. Because petitioner challenges the denial of parole, the Court liberally construes this matter as a petition filed under 28 U.S.C. § 2241.

Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases; *see* Rule 1(b)(allowing the district court to apply rules to petitions filed under other sections) and enters the following order.

### Background

Petitioner was convicted in the District Court of Wyandotte County in 1993. Following a parole hearing before the Kansas Prisoner Review Board (KPRB) in August 2018, he was denied parole and was passed to February 2020. The notice issued by the KPRB showed the denial was based upon the serious nature and circumstances of his crime, his criminal history, and disciplinary reports.

Petitioner first sought relief in Case No. 18-3303-SAC, *Pierce v. Cline*, alleging that he had been subjected to extortion in exchange for parole. In that matter, the Court directed him to show cause why

the matter should not be dismissed due to his failure to exhaust state court remedies and, upon his failure to show exhaustion, dismissed the matter without prejudice.

Petitioner next sought relief in Case No. 19-3033-SAC, *Pierce v. Cline*, again alleging extortion. In that case, he submitted a copy of an order entered by the Kansas Supreme Court on February 28, 2019, summarily denying a petition for habeas corpus. In an Order to Show Cause, the Court advised petitioner that the action was subject to dismissal due to his failure to plead specific facts to support his claim of extortion, that the notice prepared by the KPRB provided a plausible basis for the denial of parole, and that Kansas state law authorizes supervision fees to a maximum of $30.00 monthly. The Court directed petitioner to show cause why the matter should not be dismissed, and after reviewing his brief response, which alleged taunting by other inmates and staff, dismissed the petition and denied a certificate of appealability.

Petitioner filed the present petition on April 30, 2019. The petition states the sole ground for relief as "Evasive" (Doc. 1, pp. 9 and 14; Attach. 1, pp. 1-4). The Court construes the claim to refer to the summary dismissal of his state habeas corpus action under filing restrictions imposed in the District Court of Wyandotte County. Petitioner again requests placement in the federal witness relocation program, a remedy the Court previously advised him cannot be granted by the Court.

**Discussion**

To obtain habeas corpus relief, a petitioner must show that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The core function of

the writ of habeas corpus is "to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A petition filed under § 2241 is the proper means for a prisoner to seek release on parole. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1037 n. 2 (10th Cir. 2012)(claims cognizable under § 2241 include "those in which an individual seeks either immediate release from, or a shortened period of physical imprisonment, i.e., placement on parole….")(citations omitted).

The present petition does not present any new argument that states a constitutional ground for relief from the denial of parole. And, because petitioner's second petition, Case No. 19-3033, was dismissed on its merits, the present action is a successive application for relief that is subject to dismissal. *See Stanko v. Davis*, 617 F.3d 1262, 1269-70 (10th Cir. 2010)(holding that a district court may refuse to consider a § 2241 petition that seeks to relitigate claims that have been resolved or that could have been raised in a previous petition).

For these reasons, the Court will direct petitioner to show cause why this matter should not be dismissed due to its successive nature and due to his failure to present a claim of constitutional dimension. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including **June 14, 2019,** to show cause why this matter should not be dismissed.

**IT IS SO ORDERED.**

DATED: This 28th day of May, 2019, at Topeka, Kansas.

                                      S/ Sam A. Crow
                                      SAM A. CROW
                                      U.S. Senior District Judge